In The United States District Court

For The District Of Delaware

①

BD Scanned

Mustafa Whitfield

     Petitioner

    v.

Thomas Carroll and Carl C. Danberg

Civ. Act. No. 06-137-GMS

Response To The States Answer

FILED

JAN 11 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Argument 1 of my illegal arrest and detention I believe would fall under the Fifth Amendment under the: No person shall be deprived of life, liberty, or property, without due process of law. The argument embodies the Fifth Amendment, I argued I was denied due process in argument, I didn't word it as such but that's what it is. My arrest was issued upon probable cause even though it was false, but in it being false I was denied Due process. I apologize for the States misunderstanding. I believe my argument is that the warrant had false information, which if you take that information away than the affidavit lacked probable cause, obviously with the information it does so I would like to clarify myself.

My argument was that if you take out that unfounded information you'll have a complaint which lacks probable cause. Stone obviously doesn't apply, I didn't argue against any evidence against me except Robinson's DNA (see next argument). The Superior Court failed in its ruling because it was clear my due process rights were violated. The Fourth Amendment speaks of property: The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particulary describing the place to be searched, and the person or things to be

②

seized. The State could make the argument, that argument one falls under the Fourth Amendment, but Stone doesn't apply because I never argued in this argument anything about a search and seizure. The information provided to the Court was used as probable cause but it was false therefore I was denied due process. I was seized because I was a suspect in a crime, I was cuffed so I wasn't free to leave, but when I was held off information which was false, I was deprived of my life and liberty, thus denied due process out of false information

Vickers case isn't like mine, he was identified before and during trial, neither happend to me. Vickers had physical evidence against him, I didn't. How could I suppress evidence that isn't there. No confessions, DNA, eye-witnesses, what is there to suppress. The States case is procedural default, which doesn't apply, because I exhausted my state remedies. Superior denied my illegal arrest citing my conviction. If that's the case all hebeas corpus claims should be through out because of a conviction. The Superior Court made its decision of the conviction. If I wasn't denied due process, I would have been ᴺᵒᵗ infront of that jury to get convicted, Its a Miscarraige of justice no evidence at my arrest was used to convict me, the only thing they had was this identification which was false. My case isn't like the cases cited by the State, because none of them could prove their allegations. The State never denied the affidavit wasn't filled with false information, they just are procedure. That shows they know my due process rights were violated. The argument is

③

simple, before you address trial, motions file ect... you address the ~~the~~ affidavit for probable cause, because as the State you are looking justice for all parties involved. The Court and State wants to deny me due process yet basically submits that the affidavits are false. I really don't know to much about law but I know a sham when I see it. None of those cases the ~~case~~ State Cited is like my case.

2.) The Court and State made a mistake and/or there is a big conflict in my not being able to argue Robinson's DNA was illegally obtained. ⑧ The Superior Court claimed there was circumstantial evidence in this case which "linked" me to this crime. Robinson's DNA was circumstantial evidence because they were looking for two people and I was walking with him. According to the trial judge in jury instructions circumstantial evidence is just as good as direct. Well that circumstantial evidence (Robinson's DNA) "linked" me with Robinson and the "DNA" linked Robinson to the crime scene. So they are allowed to use the DNA against me but I am not allowed to argue against it because it would envolve me arguing Robinson's rights. The "DNA" linked me because I was walking with Robinson, the Court's circumstantial evidence was tyde into it. So the Court can say there was circumstantial evidence against me, but I can't argue against that finding because it entails someone else right. Obviously the Court shouldn't be able to use that as a reason for denying my postconviction if I can't argue against it, which showed a prejudice. The jury would not have heard about Robinson's

④

DNA if the affidavit as probable didn't violate his Fourth
Amendment and Fifth Amendment rights. Thus it wouldn't have been
used as circumstantial evidence for my trial against me, so the
jury would not have heard it, the Court would not have been able to
argue circumstantial evidence thus I wouldn't be writing this.

3.) It's in black and white there was malicious prosecution, what
is these to prove. First as a prosecutor you aren't suppose to
prosecute a case you know lacked probable cause. According
to the reports given to the defense by the State I was identified
that's it. There were no affidavits signed by these witnesses or
tapes. So at trial during opening arguments the only evidence the
State said about me is that Officers will testify they saw me.
The following are transcripts of the State questioning their Witness
who would identify me:

Jan.30,2004 State: Were you able to get a good look at the two individuals
that jumped over the wall?
Derbyshire: I got a look, not a great look, but good enough
at the clothing description.
State: You didn't see their faces?
Derbyshire: No. (Page 79)
Why would the state say I would be identified, but than by
this man but than ask "You didn't see their faces"? I wonder
what lead them to believe he would say he saw me, obviously he
didn't.
The State questioned Prado the other Police Officer:
Jan.30,2004 State: Were you able to get a description of the two

⑤

Prado: Being that that area is not well lit, I mean it is dimly lit, dark clothing, they were thinner, you could tell they were a lot smaller than the one individual. But they were thin in stature and they were able to jump over this wall pretty easily without any problems.

State: Could you tell what race they were?

Prado: No.

The State found out then and there that the reports Misetic type were false. How could they be quite, they are supposed to look for justice for the defendants to. The State also heard:

Defense: So you are better than a block away and they are already going over the wall?

Prado: Correct.

Defense: Could you see them clearly from that distance?

Prado: Only thing you could see was they were taller, one was larger than the other two, but it was dark clothing so you couldn't tell facial wise or who it was it was dark clothing.

Prado and Berryknife according to the State would testify they saw me neither said so. All through the warrants and affidavits I was "positively identified" the State not one time said nothing after they claimed I along with Robinson would be identified. If they would have told the Judge, Misetic's affidavits were false, which they knew, maybe that DNA obtained from the warrant which said Robinson was seen running away from the crime, wouldn't have been circumstantial evidence used against me. Furthermore the State failed to investigate after the discrepancy, just as long as they got a conviction, by filing a false complaint is a crime. If it was proved that I lied you better believe I'd be charged. The fact of the matter is

⑥

The Court would have had to asses that Misetic lied and they never changed their stories during trial. Misetic was sitting at the prosecution's table, he could have said thats not what they told me, he didn't say anything because they never told him that. The State said nothing either even though that DNA they relied upon so heavily was obtained through a false report or report with false information. The Superior Court didn't look at that but just at the circumstantial evidence and didn't give me the chance, which wasn't fair. I call into question the circumstantial evidence against me, I never argued evidence was ~~inadmi~~ or inadmissable against me because there wasn't. But to satisfy the State I'll produce two arguments prior to trial in which I questioned the identification, if I would have got the hearings I may not be writting this. (Exhibit A and B show prior to trial I sought to challenge the "identifications".

Conclusion

Even if the State is Correct about the fourth Amendment claim, they don't dispute the reports were false or had false information to justify my arrest. I was denied Due Process under the Fifth Amendment and also denied my right to confront my accuser ~~are~~ under the Sixth Amendment, the accused is allowed to confront witnesses against him, according to the State I would be identified, there were no witnesses to confront, yet reports say there were. It doesn't matter if I raised the issues under the freedom of Information act it doesn't change that my right to due process was violated and there was a structural breakdown in justice. Its obivause because the State has dense Investigated why Misetic Filed false reports. And I ask relief to be granted under the Fifth Amendment Due process rights.

Mustafa Whitfield

12/30/06

Included as facts That I tried to raise the issue of
false identification.

Exhibit A prior to trial I told the Court that my "attorney"
Joseph Bernstein wouldn't even respond and I questioned the
identification. (Motion for Dismissal of Charges by Court 12/15/03)

Exhibit B prior to trial I told the Court Joseph Bernstein will
not be representing me at trial and I questioned the identification.
Motion For (Police Statements to be dismissed 12/10/03)

Exhibit C I wrote the Delaware Supreme Court saying that
I have issues which were very important and my "attorney"
wouldn't put them in my appeal and I didn't want him to
represent me on appeal and I do it myself. Exhibit D is the
Docket which shows I sent more than two letters.
 I asked for all the letters I sent to the Delaware Supreme
Court regarding my appeal in 2004. The Delaware Supreme
Court only sent two when there were at least three, further-
more on January 30, 2004 at my trial, I told the Court I
wanted to represent my self, it was denied. I wanted to
really bring the issues up when they didn't identify me my
"attorney" said "he would take care of it." So before trial,
during trial and after trial I wanted to bring the identification

Exhibit A

Motion For Dismissal of Charges

By Court.                              12/15/03

I.D No. 0210009174

Dear Judge Joseph Slights:

    I'm writting you to inform that I'll be representing my self at trial. The attached Motion for a dismissal by court was prepared by me so I plea and hope that you will excuse the misspellings and the unprofessionalism of it. I tried to get my ex attorney Joseph M. Bernstein to put them in but got so results. So again please excuse me. Thank you.

                    Mustafa A. Whitfield
                    Mustafa A. Whitfield
                    317470
                    MPCJF
                    Wilmington DE 19809

2003 DEC 30 AM 9:06
FILED PROTHONOTARY

I.D No. 0210009174                    12/15/03


                              Motion For Dismissal
Dear Judge Joseph Slights       of Charges


    Hello! My name is Mustafa Whitfield. I'm
scheduled for trial in front of you on 01/29/04.
I'm writting you to ask for a dismissal by court.
In this motion for a dismissal of all charges by
court I will explain.
            Agrument 1


I have been detained on these charges since Oct. 15, 2002.
When arrested the police say that I was positively identified.
But the arresting officers who located Akeem Coleman,
never came over to Emanuel Robinson and I, and said
that's them. The police said we're just taking you two down
for an investogation. We sat down there and the police
who arrested Coleman came a hour later and asked us
were the ones running with Coleman. What type of
investogation was that?
            Agrument 2
November, 2002 detective Stephen R. Misetic

Still Agrument2

came to the New Castle County Detention Center.
He was with two other males I don't recall their
names. Those three came and collected hair samples
from one. After I had three case reviews and was
scheduled for trial on July 22, 03 the police
decided to put the hair samples in June a month before
trial. The prosecutor asked the court a week before
trial for a continuence of trial because of the results
of these samples which came back that my hair was
similar microscopically to hair found on a T-shirt
found at the scene of the crime. That's what my
ex-attorny Joseph Bernstein said. The trial judge
granted it (the continuence). The judge also checked the
calender and made a new trial date that everyone agreed
on. Joseph Bernstein said. He told me my new trial date
was October 15, 03 and the trial Judge Haile L. Alford
God Bless Her said "The State has until that date to have
the results of a DNA and must be ready for trial". Per
Bernstein. She gave them 3 months the state said
"O.K". Per Bernstein. Late Augugst the results came
back on the hair DNA and it said that I wasn't
the donor. Now the state has a problem. So all of
a sudden there was sweat on this T-shirt found at

Still Agrument 2

the crime scene. So for some odd reason the police scurry to come test if the sweat was mine, they took blood and mucuse from me 10 months after this crime had taken place. Mr. Bernstein never told me why they (dedectiv Misetic) came and took these things after I wrote him several times. I guess they found out this sweat was not mine either so two weeks after me the come get they same from Robinson and Coleman. Now it's about a month till trial. Now the results of this came back before trial but the prosecutor needed the report for trial. A week before the trial Emannuel's attorney told him sweat was on the shirt now and that was the reason why they took the blood and things. Now this is a week before the year date and Emannuel's attorney said we would be going to trial in a week. Per Emannuel his attorney never knew it was going to be continued. A day before trial I get a letter from my ex-attorney saying that my trial was being continued because the prosecutor had a murder trial. Why would Judge Haile Alford (God Bless Her) schedule my trial the same day the prosecutor has a important trial like murder? About two weeks

Still Argument 2

later I get a letter that the prosecutor typed
that said this case has been rescheduled because
the state needs to obtain the report from the DNA.
Now the late Judge Haile Alford (God Bless Her) gave
the state 3 months and to obtain the report it takes
six to eight weeks. So was it because the prosecutor
had a murder trial it was continued or was it because
the state needed that report for trial but already had
the results? Now if the late Judge Haile Alford (God Bless Her)
gave the state this deadline and they didn't make it
the murder trial must mean it was a diversion from the
deadline that they had to meet. Because they really
needed this report the state at trial so the used
the murder trial which was not at the same time as
a cover up. Now that is an extrem prejudicial effect
on me. All of this is apart unnecessary delay and
lying. And some false statements from the attorney's
and state to the clients or defendants.

Argument 3

While in state custody the clothing I was
wearing the night I was arrested vanished. Nobody
knew where it was after my family tried to retrieve
these things for my trial. Police are saying I had on

Something different than what I had on. The
victim said I had dark clothing so he couldn't tell
who I was. This is a well lit area. Because these
items are missing and police and state are fabricating
lies, and showing more of a racial prejudice to me.
I have little chance of beating this trial. I say
racial prejudice because of them claiming the saw
three black males. I figure it was because of the
area.

## Agrument 4

Now the iceing on the cake. The police officers (Derbyshire/
Rado) said they last saw the suspects running towards
Tatnall Street. Now it says "Emanuel and I were
located walking east bound on 5th Street from Tatnall
Street, Which is consistent with the direction they were
last seen running from. That's on page two of Det. Misetic's
report. But when we were located we were on Tatnall street.
How could we be in an apartment complex on Tatnall Street
but be walking from Tatnall Street? Now were the lies get
stoped. In the first affidavit from (Derbyshire/Rado) they
said "that we were walk on W. 4th Street when (or about)".
When were observed walking it was from 5th and West Streets
towards Tatnall. The police saw use walking down the

Street and Emannuel grabing my shirt so they stoped in the middle of 5th and Tatnall as we were walking towards them. Now these reports don't know where we were located on is saying this and another is saying that. The other (Misedic) is saying that so it could look like I was running from the crime and past an apartment complex that's on Tatnall at 5th. Where I was located walking from West Street, and Misetic is contradicting what Derbyshire/Prado said, because they said we were located walking in the 200 Blk. of W. 4th St but we were seen walking from W. 5th but located at 5th and Tatnall st. By them (Derbyshire/Prado) saying that would indicate that they never saw use when located and assumed it was because they never saw use. Which would contradict what Misetic's report said, when it said we (Emannuel and I) were positively identified by the officers who "saw use" running from the crime scene. But these two officers (Derbyshire/Prado) say were the ones they saw running but were located on 4th and West street when the said we were last seen running towards 5th and Tatnall. It shows that Misetic lied in his report to cover up what Derbyshire/Prado said. He (Misetic) said they

positively identified use at 5th and Tadnall or a little
past it but we were located at an apartment complex
on Tadnall and 5th. So he (Misetic) covered it up when
all the stories weren't making since when they positively
identified use but it was at 4th and West Street when
they did. So this is 100% that the police officers
(Derbyshire / Prado) lied when they said they saw us running.
Now these two police officers (Derbyshire / Prado) are
willing to come and put their hands on the Bible and
say they are positively sure that I'm the one they saw
running from the crime scene but never knew a
crime had taken place. Now if that is not a prejudice
I don't know what is.

                    Conclusion:

Lies, Lies, Lies, Cover up after cover up to put me
at this crime. Everything I've stated was in (Derbyshire
and Prado's) report and in Det. Misetic's report. From the
time the clame they saw me running to the time the clame
I was on West 4th St when they identified me as this
suspect. Misetic covering up their lies to fit his story.
State somehow losing the cloths (gray Sweater that
was light with Pepi Lapoo the French Scunk on it trying
to kiss a cat) Which is something that would be instilled

in the victim because as a young child mostly
everyone watched Loony Tunes cartoons. The police
didn't mention it because they didn't see it because
they were stuck on how they would be able to
lie and put me at this crime. When From the
first day the lies started (False statements that
are written) and believe that (lieing) in a written statement
is a class A misdemeanor. Felony or misdemeanor
it's still breaking the law. And for a Det. (Misetic) and
two patrol officers (Derbyshire/Prado) to do that when
someones life is on the line is wrong. Now because of
all the factors and prejudices against me in this case
I rule that the court or State dismiss these charges
against me in an expeditious fashion and an complete
investagation be the officers who lied from the start.
Or the State close their case against me and reopen
it if they deem it necessary. Thank You

Mustafa A Whitfield
Mustafa Whitfield
MPCJF 317479
Wilm, DE 19809

Exhibit O

210009179

(42)

12/10/03

Dear Judge Joseph Slights:

I'm sending the motion because problems I'm have with my attorney Joseph M. Berastein and he will not be reprenting me at trial. I would like to reprent my self even through I don't have an professional understanding of the laws. The reason why I'm writting my own motions is because my attorney Berostein wont file them for me and I have reason to believe he's against me in this case. So please forgive my hand writting, misspelled words because I doing this all by my self. Thanks

Defendant *Mustafa A. Whitfield*

Mustafa A. Whitfield

FILED
PROTHONOTARY
2003 DEC 15 PM 4:42

No(  )ce Of Motion

Motion For Police Statement to be 12/10/03
Dismissed

Dear Judge Joseph Slights:

Hello! My name is Mustofa Whitfield I.D. No. 0210009174.
I'm writing regarding false statements made by the police and
asking that police statement be dismissed at trial because of
fabricating. So this is a motion for the police statement not to
be heard at trial.

Agrument One

Now I've been doing some research on the area where this
crime had taken place. There's two police officers (Derbyshire/Rodo)
who said "we were on routine patrol in our marked patrol vehicle
as we were stopped at a red light at the intersection of 4th and
West STS. At this light on 4th and West STS they saw three black
males wearing all dark clothing running from the scene of the crime.
Now fourth and West STS is down the street around a corner, and
a block away and at the time of the crime it was night time.
They (Police officers) are saying they saw me running from the crime
scene but in order for them to that they would have had seen me
at the crime. They would have to point me out and say they
saw me at the crime and saw me running. And at the time

they were at this light so they didn't know a crime had taken place. So how could they see me running from a crime that they didn't know had taken place. These officers are saying they saw me at this crime and saying they saw me running from the crime. Now if they did see me which they did not, the only thing the could have said was I looked like one of the peolpe the saw running from the direction of the scene. But they said the saw me running from the scene but didn't know a crime had take place. So there for their fabricating. It would be impossible, the only thing they could have said was they "saw me" running from the direction.

## Agrument Two

These same two officers (Derbyshire/Prado) said they saw three black males in dark clothing running, two of the males jumped over a fence or wall (cti says both in the report) onto private property. All of this they saw from at the light on 4th and West STS. They said "this raised the suspicion of the patrol officers". That's when the patrol officers began to travel towards the suspects. So what that says is that they saw three black males running a block away at night wearing dark clothing that's all they saw. So how could they see a grey sweat shirt on me if they were a block away and only saw dark clothing

in the were at a light a block away. So that means they
only saw three black males wearing dark clothing.

### Agrument Three

The same officers (Derbyshire (Prado) said they saw three
black males running wearing dark clothing. This is a block
away, but than they said Akeem Coleman had on a white T-shirt.
How could these two officers say a white T-shirt was dark
clothing? What that means is that they don't know what they saw.

### Agrument Four

These same officers (Derbyshire (Prado) said they saw "three
black males". Now the victim advised that two of the suspects
had white T-shirts on their faces. When the suspects were
running that would mean to of them still had them on while
running. So how could these two officers who couldn't tell
white from a dark color tell under a white T-shirt that
two of the suspect were black males?

### Agrument Five

The victim (Anthony Meek) told the police that two of the suspects
had on matching dark clothing. Now in the report it said where
the crime had taken place it was very well lit. Another witness

(Fransisco Failey) said that he saw three males wearing dark clothing. So if the victim who said "they were two feet away didn't see gray how could two police officers say they saw gray a black away but first it was just dark clothing.

Agrument six

Now I had on gray witch was not dark and was not a sweat shirt but a SWEATER. This gray but not dark SWEATER had Loony Tunes chacters on it that cover the whole chest area. Loony Tunes charcters were Pepi Lapoo a french skunk trying to kiss a black and white cat that covered the whole chest. Iceberg SWEATER with both characters in black and white with blue around them about 13 inches. But the victim did not see that or said anything like that all he said was two suspects with matching clothing that was dark and white T-shirts on their faces. What means is that the police are just flat out lying. Now this SWEATER I had on is missing. While at the New Castle County Detention center some how my clothing just up and walked away. This was while I was there, and those cloths were supposed to help me at trial. But the State lost the clothing.

## Conclusion

It's all in black and white what I have mention in
this case. These officers are just flat out lying just to
solve a case. From the beginning 14 months ago I've been
studying this case and my focuse has been on it. I believe
I left no rock unturned in this matter. It is as plan as the eye
can see that the police don't know who or what they saw
and lied in the report. Because of this lying my life
has been damage and my life has been scolded. It shows
that they fabricated this whole thing about them seeing
me running from the scene but didn't know a crime had
taken place. They fabricated that they saw dark clothing
and then turned around and said they saw a gray SWEATshirt
and white T-shirt. But they said two suspects jumped over
a fence or wall before they even got started towards them which
means they only saw dark clothing. These officers are willing to
come testify that they saw me at a crime and running from it, that
they saw me jump over a fence or wall, and that they saw me
with a gray sweatshirt on. But it's all on the report if
you read between the lines that they are lying and fabricating
what they might have seen, just to put me at a crime seen.
Because of these factors I really hope that the polices
statement not be heard at trial for lying, fabricating, extreme
prejudice, not investigating and misleading. This shouldn't

U.S. POSTAGE

$0.37

PB METER
7122808

DEC 12 03

WILMINGTON

INMATE LEGAL MAIL

Judge Joseph Slights
New Castle County Courthouse
500 N. King Street
Wilm, DE 19801

1580143703 12

T. Whitfield
174479
MRCJF
..., DE. 19809

#20

Exhibit C

DELAWARE SUPREME COURT
FILED

2005 SEP 23  P 12: 32

CLERK
DOVER

9/21/04

156, 2004

TO: Clerk of Supreme Court.

You people may not understand my position.
The State of Delaware has forced me into this situation.
For the fourth time I am telling this state I wish
to represent myself. I've had problems with my
court appointed attorney since November 2003 and
I wrote the courts. The court forward the letters to
him. I've wrote everyone I possibly can about this.
He didn't ask me if I wanted to put any issues in
my appeal that I want to raise. I had to find out
from a prison inmate that I can do that. I raised
good issues for a month sometimes send three
copies of the same issue just to get my point across.
He didraise any of them. I move that the court
~~court is~~ relieve Joseph Bernstein from my case.
I move that the court give me the proper instruction
on how to raise my appeal. The court has "railroaded"
me into going to court with this men and I will not
step into another courtroom with him. The state has
ignored everything I have wrote up about him and sent
every letter I wrote to him to make decision which he
never acts on. I don't want this guy working on

Exhibit D

IN THE SUPREME COURT OF THE STATE OF DELAWARE

156 , 2004

J. M. BERNSTEIN
                                    MUSTAFA WHITFIELD,
                                        Defendant Below,
                                        Appellant,
                                    v.

E. R. MCFARLAN                      STATE OF DELAWARE,
G. E. SMITH                             Plaintiff Below,
                                        Appellee.

DF $ 00.00

2004

1   Apr  23    Notice of appeal from the convictions and sentences
               dated 04/16/04 in the Superior Court in and for New
               Castle County, by Judge Del Pesco with designation of
               transcript, in Cr. ID No. 0210009174; Cr. A. Nos. IN03-
               01-0735 through -0737, and IN03-01-2167, -2169 through
               -2171 (served by hand 4/23/04) (service shown on court
               reporter by hand 4/23/04) (mfm) (afb).

2   Apr  23    Affidavit under Rule 26(c) by Joseph M. Bernstein,
               Esquire. (served by hand 04/23/04) (mfm)

3   Apr  27    Letter dated 4/27/04 from Assistant Clerk to Kathleen
               Feldman, transcript is due to be filed by 6/2/04 (afb).
               (co-defendant to 208, 2004 and 174, 2004-due 6/22/04)
               (156, 2004, 208, 2004 and 174, 2004 transcript being
               filed on 6/22/04)(dlw)

4   Jun  25    Letter dated 6/22/04 from Michele Honaker to Chief
               Deputy Clerk, requesting an extension to file the
               transcript. (eas)

5   Jun  25    Letter dated 6/25/04 from Senior Court Clerk to
               Michele Honaker, granting an extension to file the
               transcript by 7/22/04. (eas)

6   Jul  27    Court reporter's final transcript log entry:
               Prothonotary received 7/22/04. (eas)

7   Jul  27    Letter dated 7/27/04 from Senior Court Clerk to
               Prothonotary, record is due to be filed by 8/2/04.
               (eas)

8   Aug  04    Record w/ transcript. (eas)

9   Aug  04    Brief schedule issued. (opening brief due 9/3/04)
               (eas)

10  Aug  23    Letter dated 8/21/04 from Mustafa Whitfield to Clerk,
               requesting a Supreme Court docket sheet and Superior
               Court docket sheet. (sent) (eas)

11  Aug  26    Motion under Rule 15(b) by appellant. (served by hand

08/26/04) (mfm)

- 12 · Aug 26      Order dated 8-26-04 by Clerk, appellant's opening brief
                  and appendix are due 9-13-04. (clh)

  13    Aug 30    Letter dated 8/26/04 from appellant to Clerk,
                  requesting copies from the Superior Court record.
                  (eas) (sent 9/2/04)

  14    Sep 08    Motion under Rule 15(b) by appellant. (served by hand
                  09/08/04) (mfm)

  15    Sep 09    Order dated 9-9-04 by Clerk, appellant's opening brief
                  and appendix are due 9-20-04. (clh)

 (16)   Sep 13    Letter dated 9/8/04 from Mustafa Whitfield to Clerk,
                  regarding his appeal. (eas)

  17    Sep 14    Letter dated 9/14/04 from Senior Court Clerk to Joseph
                  Bernstein, Esquire, forwarding Mr. Whitfield's letter
                  for appropriate disposition. (eas)

  18    Sep 20    Appellant's opening brief and appendix. (served by
                  hand 9/20/04) (dlw)

  19    Sep 22    Brief deficiency notice dated 9/22/04 from Assistant
                  Clerk to appellant (corrections due 9/29/04) (afb).

 (20)   Sep 23    Letter dated 9/21/04 from Mustafa Whitfield to Clerk,
                  requesting to proceed pro se. (eas)

  21    Sep 24    Letter dated 9/24/04 from Senior Court Clerk to Joseph
                  M. Bernstein, Esquire, forwarding Mr. Whitfield's
                  letter for appropriate. (eas)

  22    Sep 27    Letter dated 9/24/04 from Joseph M. Bernstein, Esquire
                  to Assistant Clerk, enclosing appellant's brief
                  corrections. (eas)

  23    Oct 04    Copy of letter dated 10/1/04 from Joseph M. Bernstein,
                  Esquire to Mustafa Whitfield, directing him to file
                  an appropriate motion if he wishes to proceed pro se.
                  (eas)

  24    Oct 20    State's answering brief. (served by mail 10/20/04)
                  (mfm)

  25    Oct 21    Notice dated 10-21-04 from Clerk to counsel, the case
                  will be submitted for decision on briefs as of 11-17-04
                  (clh) (RJH,JBJ,HDR)

  26    Nov 03    Appellant's reply brief. (served by hand 11/03/04)
                  (mfm)

 (27)   Nov 03    Letter dated 11/1/04 from Mustafa Whitfield to Clerk,
                  regarding his appeal. (eas)

  28    Nov 12    Letter dated 11/12/04 from Senior Court Clerk to Joseph

M. Berstein, Esquire, forwarding Mr. Whitfield's letter
for appropriate disposition. (eas)

29   Nov   19   Copy of Order dated 11/17/04 by Judge Del Pesco,
                denying Mr. Whitfield's petition for habeas corpus, the
                motion to compel and enjoining Mr. Whitfield from
                future filings in the Superior Court pending the
                decision in this matter. (eas)

30   Dec   10   Letter dated 12/8/04 from Joseph M. Bernstein, Esquire
                to Clerk, advising that the appellants in Nos. 156,
                2004, 208, 2004 and 174, 2004 were co-defendants who
                were tried jointly. (eas)

31   Dec   29   Opinion decided 12/29/04 by Holland, J., AFFIRMED.
                (RJH,JBJ,HDR) (eas)

     2005

32   Jan   04   Memo dated 1/4/05 from Justice Holland to Clerk,
                enclosing two corrected pages to the Opinion decided on
                12/29/04. (eas)

33   Jan   11   Motion for Rehearing en Banc (served by hand 1/11/05)
                (amc)

34   Feb   04   Order dated 2/4/05 by Holland, J., appellant's motion
                for rehearing en Banc is DENIED. (MTS,RJH,CB,JBJ,HDR)
                (eas)

35   Feb   07   Mandate to clerk of court below. Case Closed
                (record retained for appeal Nos. 174, 2004 and 208,
                2004)(clh)

36   Feb   18   Prothonotary's receipt of mandate on 2-9-05. (clh)

37   Feb   18   Document entitled, "Motion Seeking a Hearing on Denial
                of Federal Constitutional Rights under Rule 61" by
                appellant (no service shown) (afb).

38   Feb   18   Letter dated 2/18/05 from Assistant Clerk to appellant
                advising that the Court will take no action with
                regard to his document filed 2/18/05 because the case
                is closed (afb).

39   Feb   24   Letter dated 2/22/05 from appellant, requesting docket
                sheets. (sent) (eas)

     2006

40   Nov   27   Letter dated 11/19/06 from appellant to Clerk
                requesting copies. (copies sent) (docket sheet sent)
                (kms)

8 stamps

I/M Mustafa Whitfield
SBI# 317478 ___ UNIT 17
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977





U.S. District Court
844 N. King Street Lockbox 18
Wilm, DE. 19801