IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MUSTAFA A. WHITFIELD**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-137-GMS |
| | : | |
| **PERRY PHELPS**, Warden,  and | : | |
| **JOSEPH R. BIDEN, III**, Attorney | : | |
| General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

**MOTION TO ALTER OR AMEND THE JUDGMENT**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, respondents move to alter or amend the April 16, 2008 memorandum opinion of the Court dismissing the petition for a writ of habeas corpus:

1.      In October 2002, the petitioner, Mustafa Whitfield, and two co-defendants were arrested and subsequently indicted on charges of attempted robbery first degree, three counts of possession of a firearm during the commission of a felony ("PFDCF"), assault second degree, reckless endangering first degree, wearing a disguise during the commission of a felony, conspiracy second degree, and possession of a deadly weapon by a person prohibited ("PDWBPP").  On February 6, 2004, a Delaware Superior Court jury found Whitfield (and his two co-defendants) guilty of attempted robbery first degree, assault second degree, two counts of PFDCF, reckless endangering first degree, wearing a disguise during the commission of a felony, and conspiracy second degree.   All three were acquitted of PDWBPP and one count of PFDCF. *Id.*  Whitfield was subsequently sentenced to twenty-four years in prison, suspended after eleven years for decreasing levels of supervision.  In December 2004, Whitfield's convictions and

sentence were affirmed on appeal. *Whitfield v. State*, 867 A.2d 168 (Del. 2004). On March 8, 2005, Whitfield moved *pro se* for postconviction relief under Superior Court Criminal Rule 61. The Superior Court rejected his claims under Criminal Rule 61(i)(4) as previously adjudicated, and Whitfield appealed. On appeal, the Delaware Supreme Court affirmed the Superior Court's decision. *Whitfield v. State*, 2005 Del. LEXIS 507 (Del. Dec. 13, 2005).

    2.    In a petition stamped as received by the Clerk of the Court on February 28, 2006, Whitfield applied for federal habeas relief, raising three claims. D.I. 2. Prosecutors interpreted those claims as: (1) Detective Stephen Misetic falsely stated in the warrant application that police positively identified Whitfield as a suspect and Misetic also misrepresented the victim's description of the suspects; (2) because co-defendant Emmanuel Robinson's DNA was illegally obtained based on a warrant containing false statements, that evidence should not have been used against Whitfield; and (3) prosecutors knowingly used police reports containing false information that the police identified him. *See* D.I. 15 at 3. Whitfield requested, and received, additional time (until July 14, 2006) to amend his petition to include a memorandum of law. D.I. 6, 7, 8. In September 2006, the Court, not having received any additional filings from Whitfield, directed the respondents to respond to the petition. D.I. 9. In December 2006, state prosecutors filed an answer to the petition, contending that Whitfield's first two claims were precluded by *Stone v. Powell*, 428 U.S. 465 (1976), and his final claim was not cognizable in federal habeas review. D.I. 15. In January 2007, Whitfield filed a response to the answer. D.I. 18.

    3.    On April 16, 2008, the Court wrote that Whitfield had presented the following claims in his federal habeas petition: "(1) his arrest and subsequent conviction were illegal because the police officers falsely stated in the warrant application that they positively identified Whitfield as a suspect; (2) Robinson's DNA was illegally obtained and should have been

suppressed because the warrant contained false statements regarding Whitfield's connection to the crime; and (3) the prosecutor improperly prosecuted Whitfield because there was insufficient evidence of Whitfield's involvement in the crime and the prosecutor knew that the police reports contained false information and false identifications."  D.I. 30 at 7.  After denying the first two claims as barred by *Stone*, the Court addressed the third claim.  D.I. 30 at 9.  The Court, rejecting the State's interpretation of the claim, apparently relied on Whitfield's response to the State's answer to construe the third claim as two arguments:  "(1) there was insufficient identification evidence to support Whitfield's conviction because the evidence was circumstantial in nature; and (2) the prosecutor knew about the misidentification and, therefore, improperly identified Whitfield as one of the suspects during his opening argument."  D.I. 30 at 10.  Further, although the Court acknowledged that the sufficiency claim was procedurally defaulted in state court, the Court "review[ed] the claim under § 2254(d)(1) instead of finding the claim procedurally barred from federal habeas review."  D.I. 30 at 10-11 n.6.

    4.    In the first instance, Whitfield asked for and received time to amend his petition.  Whitfield, however, did not amend his petition before the State filed its answer, more than five months after the deadline to file any amendments had passed.  *See* D.I. 6, 7, 15, 18.  The third claim to which state prosecutors responded was, of course, limited to the claim as presented in Whitfield's petition (no other filings having been made) and Whitfield's prior state court submissions.  That claim, entitled "Prosecution Misconduct," was in its entirety the following:

> State prosecutors knowingly prosecuted off false reports.  They [k]new the police didn't identify me even though the prosecution said they would.  The State's case was base[d] off a[n] identification which was false and they knew it but still prosecuted.

D.I. 2 at 9. Respondents, reading this claim in conjunction with Whitfield's state court filings,[1] interpreted the claim to be that prosecutors failed to verify that the police officer's warrant application was correct and that there was no probable cause to prosecute. *See* D.I. 15 at 6. That was hardly an unreasonable view. The reply brief Whitfield himself had filed in the appeal from the denial of his postconviction motion had made the exact point:.

> Whitfield isn't arguing that evidence was insufficient to implicate him in the various crimes of which he was eventually convicted.
>
> Whitfield is arguing that his arrest was illegal due to false information in his arrest warrant which wasn't signed, which resulted in making his trial and conviction illegal.
>
> * * * * *
>
> Whitfield's argument was/is that his arrest warrant for probable cause wasn't signed by a judge and it has false and misleading information.

*Id.* at 1-2. In the reply brief, Whitfield went on to complain that state prosecutors and the state court incorrectly assumed he was arguing sufficiency at trial when he was actually arguing that "his arrest was illegal which made his trial illegal." *Id*. at 3-4. Whitfield's "Review of Argument 3" section opens with the statement: "The State violated Whitfield's due process rights by not investigating Misetic's reports and prosecuted Whitfield knowing probable cause didn't exist for his arrest." *Id.* at 7. Although Whitfield referred to the prosecutor's opening statement as being incorrect, Whitfield focused on the prosecutor's failure to have discovered that his opening statement was predicated on false information provided in the affidavit of probable cause. *Id.* at 7-8. Moreover, in his motion for rehearing en banc, Whitfield affirmatively reasserted his position that he definitely was not claiming the evidence was insufficient to convict him, but that

---

[1] *See DeShields v. Snyder*, 829 F. Supp. 676, 678 n.1 (D. Del. 1993) (citing *Rose v. Lundy,* 455 U.S. 509 (1982)).

the entire focus of his claims was the probable cause information. *See* Appellant's Motion for Rehearing En Banc, *Whitfield v. State*, Del. Supr. Ct. No. 327, 2005. And finally, even Whitfield's response to the respondents' answer fails to raise a sufficiency of evidence at trial claim. *See* D.I. 18.

5.  In support of its interpretation of Whitfield's claims, the Court refers to an April 2007 letter from Whitfield to the Court (D.I. 28) regarding a motion to compel filed in state court. D.I. 30 at 9. Not only did Whitfield fail to amend his petition to clarify or expand his claims, his response to respondents' answer does not support an expanded reading of his claims. If Whitfield's response[2] (D.I. 18) or letter (D.I. 28) could be construed to be amendments to his habeas petition, respondents were not provided an opportunity to address the claims as interpreted by the Court from documents filed after respondents had answered the petition. Habeas Rule 5 provides that respondents' answer must address not only the claims in the petition, but the answer must also "state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Because the Court, relying on post-answer filings, has added grounds for relief to Whitfield's petition, respondents would respectfully request an opportunity to address those new claims.

6.  If Whitfield's untimely amendments[3] to his federal habeas petition present a claim of insufficient evidence, that claim is untimely under 28 U.S.C. § 2244(d)(1) because he failed to

---

[2] Habeas Rule 5(e) allows the petitioner to submit a reply to the respondent's answer.

[3] Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading at any time before a responsive pleading is served or otherwise only by leave of court. However, when an amendment presents an altogether different claim, then that claim does not relate back to the original date of filing. *See, e.g., Dean v. United States*, 278 F.3d 1218, 1222-23 (11th Cir. 2002); *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000). For an untimely habeas claim to "relate back" under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. *See United States v. Thomas,* 221 F.3d 430, 436 (3d Cir.2000); *United States v. Duffus,* 174 F.3d 333 (3d Cir. 1999); *United States v. Craycraft,* 167 F.3d 451 (8th Cir.1999).

raise this claim until January 2007 (D.I. 18), more than one year after the Delaware Supreme Court affirmed the denial of his state postconviction motion on December 13, 2005. The record does not support any cause for statutory tolling. And Whitfield has not provided any reason why the time period should be equitably tolled, or any explanation for his failure to adhere to this Court's filing deadline. If, as Whitfield contends, the claim was never raised at all in the state courts, then the claim is unexhausted and procedurally defaulted. Whitfield has alleged neither cause for, nor prejudice from, his failure to present his claim to the state courts. As a result, this Court is precluded from considering Whitfield's sufficiency claim.

7.  As to Whitfield's claim of prosecutorial misconduct during opening statement at trial, that claim is unexhausted and procedurally defaulted. There is no reference to prosecutorial misconduct or the prosecutor's opening statement on direct appeal. In his state postconviction proceedings, Whitfield argued that the state prosecutor demonstrated his failure to investigate by saying in opening statements that Whitfield had been identified, although none of the police officers testified to that at trial. To the extent the claim was presented in his postconviction appeal, the claim was presented under a miscarriage of justice claim in an attempt to avoid the procedural bars regarding Whitfield's Fourth Amendment claims.[4] Neither state prosecutors nor the state courts construed Whitfield's claims to include a claim of prosecutorial misconduct. *See Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) (state court not required to discover for itself a federal constitutional claim). *See also Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988) ("[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. . . . Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."). Whitfield, in his motion

---

[4] Whitfield's arguments on appeal are entitled: "Illegal Arrest and Detention;" "Illegal Search and Seizure;" and "Interest of Justice." Op. Br. in *Whitfield v. State*, Del. Supr. Ct. No. 327, 2005.

for rehearing en banc, expressly rejected both the State's and the state courts' interpretation of his claims, reasserting that his complaint was about what happened before trial, not at trial. *See generally* Appellant's Motion for Rehearing En Banc, *Whitfield v. State*, Del. Supr. Ct. No. 327, 2005. If Whitfield attempted to raise this claim in a second postconviction motion, the claim would be procedurally barred under Criminal Rule 61(i)(2) for failure to have raised the issue in the first postconviction motion, and under Rule 61(i)(3) for failure to have raised the claim during the proceedings leading to the judgment of conviction. *See McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 510-11 (D. Del. 2003). Whitfield has not alleged cause for, or prejudice from, his failure to have raised this claim in the state courts. Consequently, this claim has been procedurally defaulted.

8.     Accordingly, respondents respectfully request the Court to amend the language in the April 16 Memorandum Opinion to reflect that Whitfield was limited to the claims he asserted in the petition, and that any additional claims are untimely. Further, to the extent the Court construes the language of the petition to incorporate both sufficiency and prosecutorial misconduct at trial claims, respondents respectfully request the Court find the claims to be procedurally defaulted.

9.     For the foregoing reasons, the motion to amend the decision of the Court issued April 16, 2008 should be granted.

                                                                              /s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date:   April 29, 2008

## RULE 7.1.1 CERTIFICATION

I hereby certify that I have neither sought nor obtained the consent of the petitioner, who is incarcerated and appearing *pro se*, to the subject matter of this motion.

/s/ Elizabeth R. McFarlan
Deputy Attorney General

Counsel for Respondents

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2008, I electronically filed a Motion to Alter or Amend the Judgment with the Clerk of Court using CM/ECF.  I also hereby certify that on April 29, 2008, I have mailed by United States Service, two copies of the document referenced above to the following non-registered participant:

    Mustafa A. Whitfield
    SBI No. 317479
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

    /s/ Elizabeth R. McFarlan
    Deputy Attorney General
    Department of Justice
    820 N. French Street
    Wilmington, DE 19801
    (302) 577-8500
    Del. Bar. ID No. 3759
    elizabeth.mcfarlan@state.de.us