IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MUSTAFA A. WHITFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 06-137-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, Attorney General | ) | |
| of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Petitioner Mustafa A. Whitfield ("Whitfield") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. Whitfield filed a petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (D.I. 2) On April 16, 2008, the court denied the petition after determining that claims one and two were barred from federal habeas review under the doctrine established in *Stone v. Powell*, 428 U.S. 465, 494 (1976). As for claim three, the State asserted that the claim was not cognizable on federal habeas review because it asserted a challenge to the sufficiency of the evidence presented to the grand jury. After reviewing the entire record, the court disagreed with the State's construction of claim three as non-cognizable, instead finding that claim three asserted two arguments: (1) there was insufficient identification evidence to support Whitfield's conviction because the evidence was circumstantial in nature; and (2) the prosecutor knew about the misidentification and, therefore, improperly identified Whitfield as

one of the suspects during his opening argument.

Following the court's decision, Whitfield filed a motion for reconsideration, asking the court to reconsider its denial of claims one and two as barred by *Stone*. (D.I. 32) In addition, the State filed a Rule 59(e) "Motion to Alter or Amend Judgment [Denying Petitioner's § 2254 Petition]" asking the court to reconsider its interpretation of claim three. (D.I. 31) For the following reasons, the court will deny Whitfield's motion in its entirety, but grant the State's motion in part.

## II. DISCUSSION

A Rule 59 motion should be granted to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration pursuant to Rule 59 if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D.Del. 1990). However, reconsideration may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241.

### A. Whitfield's motion to reconsider the denial of claims one and two

Whitfield contends that the court erroneously denied claims one and two as barred by *Stone* because he did, in fact, ask counsel to file a Rule 41 suppression motion and he asked counsel to present the Fourth Amendment claims on direct appeal. These contentions do not demonstrate that Delaware's system contains a structural defect that prevented Whitfield from fully and fairly litigating his Fourth Amendment issues in the Delaware state courts. Therefore, the court concludes that Whitfield's motion does not warrant reconsideration of the court's denial of claims one and two.

### B. The State's Rule 59(e) motion

The State contends that the court erroneously relied on post-answer filings in re-interpreting the claim three as alleging insufficiency of the evidence and prosecutorial misconduct during the trial, and therefore, essentially added two new grounds to Whitfield's petition. Consequently, the State asks the court to follow one of two possible avenues of relief: either amend the language in the April 16 Memorandum Opinion to reflect that Whitfield was limited to the claims he asserted in the petition, and that any additional claims are untimely, or, if the court adheres to its construction of the language of the petition as incorporating both sufficiency and prosecutorial misconduct at trial claims, that the court find the claims to be procedurally defaulted.

#### 1. The court's interpretation of claim three

It is well-settled that a district court is required to liberally construe *pro se* pleadings. *See, e.g., United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999); *United States v. Brierley*, 414 F.2d 552, 555 (C.A. Pa. 1969)("In determining whether appellant's state court petitions

3

adequately raised the claims he now makes in the federal courts for exhaustion purposes, we should recognize that a habeas corpus petition prepared by a petitioner without the aid of counsel may be inartfully drawn and should therefore be read with a measure of tolerance."). When determining how to interpret or construe a *pro se* petitioner's often convoluted assertions presented in the habeas petition, a federal court will often refer to the petitioner's state court filings for some clue regarding the premise behind the petitioner's federal habeas claims. *See Campbell v. Burris*, 515 F.3d 172, 185-86 (3d Cir. 2008); *Brierley*, 414 F.2d at 555. Applying these principles to the instant proceeding, the court concludes that it properly construed claim three as alleging insufficient evidence and prosecutorial misconduct.[1] Therefore, the court will deny the State's first request to treat these two issues as improper and untimely new claims.

### 2. The court will not amend the reason for its denial of the insufficient evidence claim

In addition, the court denies the State's request that the court amend its decision and find

---

[1] For instance, in claim three of his § 2254 petition, Whitfield asserts that "the State prosecutors knowingly prosecuted off false reports. They knew the police didn't identify me, even though the prosecution said they would. The State's case was based off an identification which was false and they knew it but still prosecuted." Then, Whitfield states that "the Delaware Supreme Court never ruled on [this issue] even though I put it in my appeal for post-conviction relief." (D.I. 2, at p.8.) In an attachment to his petition, Whitfield alleges, "Neither Prado nor Derbyshire testified they saw me, nor positively identified me like Misetic's warrants and reports say, and like the State claimed it would, and every report is based off this information." (D.I. 2-2, at p. 1.) Whitfield also attached to his petition portions of his trial transcript containing circles around testimony relating to the identification of Whitfield.

After the State filed its answer, Whitfield filed a response **amplifying** the claims raised in his petition. In number three of his response, Whitfield states, "It's in black and white there was malicious prosecution, what is there to prove. First, as a prosecutor, you aren't supposed to prosecute a case you know lacked probable cause. According to the reports given to the defense by the State, I was identified. That's it. There were no affidavits signed by these witnesses or tapes. So at trial during opening arguments the only evidence the State said about me is that Officers will testify they saw me. . . . Neither [of the testifying officers] said so. . . . I call into question the circumstantial evidence against me." (D.I. 18, at pp. 4-6.)

the insufficient evidence claim procedurally barred from habeas review. On direct appeal, Whitfield alleged that the verdicts were inconsistent. Under Delaware and federal law, inconsistent guilty and not guilty verdicts will not provide a basis for reversal if there was sufficient evidence to support the guilty verdict. *See United States v. Powell*, 469 U.S. 57, 64-67 (1984); *Davis v. State*, 706 A.2d 523, 526 (Del. 1998). When the Delaware Supreme Court rejected Whitfield's argument that the verdicts were inconsistent, it explicitly held that there was "sufficient evidence to support each of the charges of which the jury convicted Whitfield." *Whitfield*, 867 A.2d 168, 176 (Del. 2004). As a result, although Whitfield did not present a formal challenge to the sufficiency of the evidence, and the Delaware Supreme Court did not undergo a formal sufficiency analysis, the Delaware Supreme Court's analysis accomplished the same review. *See, e.g., Allen v. Chamberlain*, 2009 WL 4130383, at *8 (E.D. Pa. Feb. 18, 2009). This conclusion is supported by the Delaware Supreme Court's finding on post-conviction appeal that Whitfield's challenge to the sufficiency of the evidence had been adjudicated on direct appeal. *See Whitfield v. State*, 889 A.2d 284 (Table), 2005 WL 2739371, at *1 (Del. Dec. 13, 2005). Therefore, the court declines to follow the State's incongruous reasoning that Whitfield's failure to present a formal sufficiency challenge on direct appeal should act as a procedural bar to habeas review in this case when the Delaware Supreme Court itself determined on post-conviction appeal that the merits of the claim had been adjudicated on direct appeal. In reaching this conclusion, the court underscores the fact that this interpretation is limited to the circumstances of the instant case.

### 3. The court will amend the reason for its denial of the prosecutorial misconduct claim

However, the court will grant the State's motion to the extent it requests the court to deny the prosecutorial misconduct claim as procedurally barred rather than as meritless. Although the state record reveals that Whitfield presented a version of this prosecutorial misconduct claim to the Delaware Supreme Court during his state collateral appeal, he did not present any variation of this claim to the Delaware Supreme Court on direct appeal. Therefore, the court should not have reviewed the claim *de novo*, but rather, it should have found that Whitfield procedurally defaulted the claim by failing to present it during his direct appeal. *See* Del. Super. Ct. Crim. R. 61(i)(3).; *see, e.g., Holloway v. Horn*, 355 F.3d 707, 717 (3d Cir. 2004)(if a claim is exhausted on direct state review but is not addressed by the state court, a federal habeas court is not barred from reviewing the merits of the claim, and such review is *de novo*). In turn, because Whitfield has not demonstrated cause for, and prejudice resulting from, that default, or that a miscarriage of justice will occur absent the court's review of the claim, the court is procedurally barred from reviewing the merits of the claim. Accordingly, the court will vacate its prior denial of the prosecutorial misconduct claim as meritless, and deny the claim as procedurally barred.

### III. CONCLUSION

The court will deny Whitfield's motion for reconsideration. The court will also deny the State's Rule 59(e) motion with respect to its request that the court amend the language in its Memorandum Opinion to reflect that the insufficiency of the evidence claim and the prosecutorial misconduct claim were impermissible amendments to Whitfield's petition that should be denied as untimely. The court also denies the State's request that the court deny the

6

insufficient evidence claim as procedurally defaulted. However, the court will grant the State's Rule 59(e) motion with respect to the prosecutorial misconduct claim and will deny the claim as procedurally barred rather than as meritless.

    An appropriate order will issue.

                                            CHIEF, UNITED STATES DISTRICT JUDGE

March 16, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MUSTAFA A. WHITFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 06-137GMS |
| | ) |
| PERRY PHELPS, Warden, and | ) |
| JOSEPH R. BIDEN, III, Attorney General | ) |
| of the State of Delaware, | ) |
| | ) |
| Respondents. | ) |

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. *Pro se* petitioner Mustafa A. Whitfield's motion for reconsideration is DENIED. (D.I. 32.)

2. The State's Rule 59(e) "Motion to Alter or Amend Judgment [Denying Petitioner's § 2254 Petition]" is DENIED in part and GRANTED in part. (D.I. 31.)

    (a) The motion is denied with respect to the State's request that the court reconsider its interpretation of the claim three as alleging insufficient evidence and prosecutorial misconduct.

    (b) The motion is denied with respect to the State's request that the court deny the insufficient evidence claim as untimely or procedurally defaulted.

    (c) The motion is denied with respect to the State's request that the court deny the prosecutorial misconduct claim as untimely.

    (d) The motion is granted with respect to the State's request that the court reconsider its conclusion that Whitfield exhausted state remedies for the prosecutorial misconduct claim. Therefore, the court's *de novo* review of the prosecutorial claim and its denial of the claim as meritless, as asserted

       in its Memorandum Opinion and Order dated April 16 2008, is
       VACATED. The prosecutorial misconduct claim is re-instated.

  2. After reconsideration, the prosecutorial misconduct claim is DENIED as procedurally barred.

  3. The court's Memorandum Opinion (D.I. 30.) is amended as discussed above. An Amended Memorandum Opinion is entered contemporaneously with this Memorandum Order.

Dated: __March 16__, 2009

CHIEF, UNITED STATES DISTRICT JUDGE